## Commonwealth v. Kugler.

*Defective indictment—Larceny—Ownership not properly set forth.*

An indictment which charges the defendant with having stolen $190 "moneys and property of the estate of Jacob Helfrick, deceased," is fatally defective, because it fails to set forth any person or legal entity entitled to possession of the money when the theft took place. Such a defect in the indictment is one of substance, and a motion in arrest of judgment will be sustained after trial and conviction.

Motion in arrest of judgment. Q. S. Franklin Co., April Sess., 1922, No. 22.

*Edwin D. Strite,* for motion; *Chas. H. Clippinger,* District Attorney, contra.

GILLAN, P. J., Oct. 24, 1922.—Susan Kugler, one of the above named defendants, was convicted of larceny. The indictment upon which she was convicted charged that she stole $190, "moneys and property of the estate of Jacob Helfrick, deceased." At the close of the evidence offered by the Commonwealth, the defendant moved the court to instruct the jury that there could be no conviction. This motion being denied and the defendant having offered evidence, the whole matter was submitted to the jury, who returned a verdict of guilty as to Susan Kugler. The defendant now files a motion in arrest of judgment, and assigns the following reasons:

"1. The indictment charges no offence known to the law of Pennsylvania.

"2. The indictment is insufficient to support a verdict of guilty, in that it does not describe with certainty and sufficiency the owner of the property alleged to have been stolen.

"3. The indictment is insufficient, in that it describes the property alleged to have been stolen as the property of 'the estate of Jacob Helfrick, deceased,' which language describes no person or legal entity capable of owning or possessing property, and because of the said errors specified, no judgment against her, the said Susan Kugler, can be lawfully entered on said record."

In 2 Bishop's Criminal Procedure (4th ed.), 325, it is stated thus: "As a part of the description and in identification of the stolen things, an indictment must name the owner, or excuse the omission that he is unknown." Then giving a number of examples of how ownership should be laid, continues on page 329: "In the estate of a deceased person, it cannot be laid." In 2 Encyclopædia of Pleading and Practice, 971, it is stated thus: "As a dead man cannot have property in goods and chattels, it is held an indictment laying the ownership in the deceased as one A B, deceased, cannot be supported. The ownership in such case should be laid in the executor or administrator, or in the person entitled to immediate possession and control of the property." It being absolutely essential, under all the rules on the subject, that in an indictment charging larceny the name of the owner of the property be given, if known; if not known, then that it be stated as the property of some one unknown, and, as we have seen, a deceased person cannot own property or

2 D. & C.

have possession of it, it follows that in stating the ownership as the property of Jacob Helfrick, deceased, it is absolutely fatal to the indictment. Such statement is simply stating that no one is owner.

If this particular question has been ruled upon by the courts of this State, we have been pointed to no report of such case. There seems to be no difference among text writers as to the matter. The question has been raised in other states. We are pointed by the learned counsel for the motion to the case of State of West Virginia v. Cutlip, 88 S. E. Repr. 829, and also L. R. A. for 1916, vol. E, page 783. There it is said by Judge Lynch, in delivering the opinion of that court, that the ownership alleged must be laid in some person living, or, if the former owner be dead, in his personal representative as the person entitled to the immediate possession and control of the property. A large number of cases are cited in the annotations to this case, and all to the same effect. We are forced to the conclusion that the defendant was convicted on an indictment which was fatally defective.

It is contended by the learned district attorney that, even though the indictment be defective, the objection comes too late, that under the 11th section of the Act of March 31, 1860, P. L. 427, said objection must be taken before the jury shall be sworn and not afterward. We are of opinion that such defect as is mentioned in this act is simply a formal defect and not a defect in substance. The defect here, however, is not a mere formal defect; it is a defect in substance. Indeed, the indictment charges here no offence known to the law. Therefore, of course, there should have been no conviction upon it.

Now, Oct. 24, 1922, the motion in arrest of judgment is sustained, and the defendant, Susan Kugler, is forthwith discharged without day.

From King Alexander, Chambersburg, Pa.